IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STONE HILTON PLLC, a Texas Professional Limited Liability Comp; JUDD STONE; and CHRIS HILTON, *Plaintiff*, <br><br> v. <br><br> BRENT WEBSTER, in his individual capacity; RALPH MOLINA, in his individual capacity; and JOSH RENO, in his individual capacity *Defendants*. | § § § § § § § § § § § § § § § CIVIL ACTION NO. 1:25-cv-0098 |

**PLAINTIFFS' OPPOSED MOTION FOR EXTENSION OF TIME TO AMEND PLEADINGS AND FILE RESPONSE TO DEFENDANTS' MOTION TO DISMISS BEFORE DEADLINE**

COMES NOW Plaintiffs Stone Hilton, PLLC, Judd Stone ("Stone") and Chris Hilton ("Hilton"), and files their *Motion for Extension of Time to File or Amend Before Deadline* and in support would show the following:

PROCEDURAL BACKGROUND AND APPLICABLE LOCAL RULES

Plaintiffs filed their Complaint in the above-referenced cause on June 25, 2025 (Doc. 1). Defendants entered attorney appearances on July 3, 2025, and filed a Motion to Dismiss on July 24, 2025 (Doc. 6). Local Rule CV-15 states that notwithstanding the time limits provided in Rule CV-7, a party may respond to a first motion under Federal Rule of Civil Procedure 12(b) by filing an amended pleading as a matter of course not later than 21 days after the filing of the motion. *See Fed. R. Civ. P. 15.* Accordingly, the initial deadline for Plaintiffs to amend their pleadings is August 14, 2025, not August 7, 2025, as Defendants' **incorrectly** asserted in their *Notice of Failure to File Response to Defendants' Motion to Dismiss* (Doc. 8) filed on August 8, 2025. Additionally, Local Rule AT-4.b: *Standards for*

*Pretrial Conduct* state that "the Court expects a lawyer to grant other lawyers' requests for reasonable extensions of time to respond to discovery, pretrial motions, and other pretrial matters. Opposing such requests wastes resources, unless the client's legitimate interests will be adversely affected."

<u>ARGUMENT IN SUPPORT OF REQUEST FOR 14-DAY EXTENSION OF TIME</u>

Plaintiffs in this case, are defendants in a separate litigation matter entitled *Jordan Eskew v. Stone Hilton PLLC, Judd Stone, and Christopher Hilton*, Case No. 1:25-cv-00804-ADA (W.D. Tex. June 16, 2025) ("Eskew Litigation"). On August 7, 2025, United States District Judge Alan D. Albright issued *Order Expediting Briefing and Setting Hearing* (Doc. 8) wherein all parties are required to adhere to an expediting briefing schedule with Stone and Hilton having four calendar days to file responses. Additionally, a hearing has been set in the Eskew Litigation requiring Stone and Hilton to appear on August 20, 2025. The hearing before the Honorable Albright on August 20, 2025, concerns a motion to strike the admissibility of an email sent by First Assistant Attorney General Brent Webster concerning Stone and Hilton. The rulings in the August 20, 2025, hearing will undoubtedly influence Plaintiffs' decisions about amending their pleadings and responding to Defendants' Motion to Dismiss.

Considering these facts, and that Plaintiff Hilton has a jury trial setting beginning Monday, August 18, 2025, undersigned counsel for the Plaintiffs conferred with Defendants' counsel, Kimberly Gdula in two separate phone calls and a substantive email exchange requesting an extension of 14 days to respond or amend. Plaintiffs' counsel explained the basis for the request for an extension to either file a response to Defendants' motion to dismiss, or to amend their pleadings. Plaintiffs' counsel explained the upcoming hearing on August 20, 2025, in the Eskew Litigation regarding substantive emails involving both Plaintiffs and Defendants in this case, and the need for more time for Stone and Hilton

given other pending litigation. Defendants' counsel explained that she was opposed to any extension of time, no matter how brief, and incorrectly claimed that Plaintiffs' responses were due 14 days from the filing of Defendants' Motion to Dismiss, and in support cited Local Rule CV-7(d)(2). Additionally, Defendants' counsel stated that any rulings in the Eskew Litigation had no impact on Plaintiffs in this case, and would not explain how Defendants' legitimate interest(s) would be adversely impacted by Plaintiffs' reasonable request for a fourteen-day extension of time. (*See Local Rule AT-4-b: Standards for Pretrial Conduct*).

## CONCLUSION AND PRAYER

Plaintiffs' ask the Court to extend the deadline to amend their pleadings and/or file a response to Defendants' Motion to Dismiss until August 28, 2025. Plaintiffs' request to extend time is reasonable under the above-explained circumstances, is for good cause, and is not intended to delay these proceedings. *See Fed. R. Civ. P. 6(b)(1)(A)*. Furthermore, Defendants have failed to show how this short extension of time would adversely affect their legitimate interests.

WHEREFORE PREMISES CONSIDERED, Defendant respectfully requests that the Court grant their *Motion for Extension of Time to File or Amend Before Deadline*.

Respectfully submitted,

*/s/ J. Stephen Toland*
J. Stephen Toland
State Bar No. 24029863
stephen@tolandlegal.com

TOLAND LAW FIRM, PLLC
1305 San Antonio Street
Austin, Texas 78701
Tele: (512) 612-9545
Facsimile: (512) 612-9613
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 13th day of August I discussed in two telephone calls and an email exchange the foregoing request for extension of time with Defendants' counsel Kimberly Gdula and that Attorney Gdula opposes Plaintiffs' request for an extension of time before the deadline.

                                      */s/J. Stephen Toland*
                                      John Stephen Toland

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of August 2025, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court, using the CM/ECF System which will transmit notification of such filing to all counsel of record.

                                        */s/J. Stephen Toland*
                                      John Stephen Toland